[Sac. No. 936.　Department Two.—November 17, 1902.]

## SARAH J. IVORY, Respondent, v. MARY B. BROWN et al., Appellants.

UNLAWFUL DETAINER—NOTICE TO QUIT—TENANCY FROM MONTH TO MONTH.—A thirty-days' notice to a tenant from month to month to vacate the premises, given in the latter part of the month, by letter, the receipt of which is acknowledged by the tenant's attorney, and a three-days' notice to quit, served after the beginning of the month following the expiration of the thirty days, are sufficient to entitle the plaintiff to maintain an action of unlawful detainer, where the tenant paid no rent, but remained in possession in disregard of the notices.

ID.—JURISDICTION OF JUSTICES' COURTS—CONSTRUCTION OF CODE.—Subdivision 1 of section 113 of the Code of Civil Procedure, conferring upon the justices' courts concurrent jurisdiction with the superior courts "in actions of forcible entry and detainer, where the rental value of the property entered upon or unlawfully detained does not exceed twenty-five dollars per month, and the whole amount of damages does not exceed two hundred dollars," is to be construed as giving the justices' courts concurrent jurisdiction in cases of unlawful detainer.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion.

Max Grimm, for Appellants.

J. C. Murphy, and Arthur L. Levinsky, for Respondent.

COOPER, C.—This action was brought under the unlawful detainer act, to recover possession of the premises described in the complaint and damages for the unlawful withholding.

Plaintiff recovered judgment, and defendants appeal from the judgment and order denying their motion for a new trial.

.The principal findings of the court are not questioned, but it is claimed that the finding that plaintiff served written notice on the twenty-seventh day of January, 1900, for the purpose of terminating·the tenancy on March 1, 1900, and

demanding the surrender of the possession of the premises at said time, is not supported by the evidence.

The objection urged is principally to the form of the notices served. We have examined them and think they are sufficient. The leasing appears to have been from month to month. Plaintiff testified, without objection, that she notified defendant by letter in the latter part of January, 1900, and before the 29th, to vacate the premises; that it was a thirty-days' notice. A letter was introduced and read in evidence, written by defendants' attorney to plaintiff, in which the receipt of plaintiff's letter was acknowledged, and in this letter occurs the following: "Yours of the 26th inst. to Mrs. Brown of this place requesting her to vacate your premises without further trouble was handed me to-day. . . . Mrs. Brown is not disposed to make you any trouble, but will firmly and respectfully insist on her legal rights."

Plaintiff served a further written notice by the constable of the township upon defendants on the seventh day of March, 1900, demanding the possession of said premises, and notifying defendants that unless possession was surrendered the plaintiff would commence an action against them for possession, treble rents, damages, and costs. This notice contained the recital: "This notice is intended as a three-days' notice to quit or suit will be commenced, and is given for the purpose of affording you an opportunity to quit without putting you to any costs or trouble."

The defendants neither paid rent nor heeded the notices, but remained in possession. The action was commenced May 11, 1900. It is thus apparent that defendants had ample and statutory notice.

It is claimed that as this action was commenced in a justice court and carried to the superior court by appeal, the justice court had no jurisdiction, and therefore the superior court had no appellate jurisdiction to try the case anew.

This claim is based upon the language of the Code of Civil Procedure (sec. 113, subd. 1), which follows the constitution, and gives justices' courts concurrent jurisdiction with the superior courts, "in actions of forcible entry and detainer, where the rental value of the property entered upon or unlawfully detained does not exceed twenty-five dollars per month, and the whole amount of damages claimed does not

exceed two hundred dollars." The argument is, that section 1160 of the Code of Civil Procedure defines "forcible detainer," and section 1161 of the Code of Civil Procedure "unlawful detainer," and that the justices' courts therefore do not have concurrent jurisdiction in cases of unlawful detainer. The old constitution gave the county courts original jurisdiction in "actions of forcible entry and detainer," and it was held in *Caulfield* v. *Stevens,* 28 Cal. 120, that the provision included and gave the county courts original jurisdiction in unlawful detainer cases. It was there said: "The whole subject of forcible entries and forcible and unlawful detainers seems to have been considered as provided for under the general head of forcible entries and detainers, and jurisdiction over the same given to the county courts." The same was held in the subsequent cases of *Mecham* v. *McKay,* 37 Cal. 162; *Brummagin* v. *Spencer,* 29 Cal. 664; *Johnson* v. *Chely,* 43 Cal. 304.

Unless we overrule the construction given to the same language used in the old constitution as to county courts, the justice court must be held to have had jurisdiction.

The court below correctly held that the cross-complaint of defendant Brown did not state facts sufficient to constitute a cause of action. Costs incurred in paying attorneys' fees for services of attorneys defending her in prior suits cannot be recovered of plaintiff in this action by way of counterclaim.

The findings are within the issues, and the judgment and order should be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Temple, J., McFarland, J., Henshaw, J.