## LACRABERE v. WISE et al.*

### S. F. No. 2590; January 3, 1903.

#### 71 Pac. 175.

**Unlawful Detainer.**—Evidence in an Action for Unlawful detainer examined, and held to sustain a finding that defendants had agreed to pay $50 a month rent for the leased premises.

**Parol Evidence.**—A Receipt may Always be Explained by parol.

**Lease.**—A Notice to Quit, Requiring the Tenants to pay their rent, amounting to $100, "being the amount now owing from me to you," or deliver possession, was good, and entitled the landlord to maintain unlawful detainer, notwithstanding the mistake in the phrase "me to you."[1]

---

*For subsequent opinion in bank, see 141 Cal. 554, 75 Pac. 185.

[1] Cited in the note in 120 Am. St. Rep. 53, on unlawful detainer.

APPEAL from Superior Court, Santa Cruz County; Lucas F. Smith, Judge.

Unlawful detainer by John Lacrabere against John H. Wise and others. Judgment for plaintiff, and from an order denying a new trial defendants appeal. Affirmed.

Frank J. Murphy (Fred H. Hood of counsel) for appellants; George P. Burke for respondent.

VAN DYKE, J.—The appeal is from the order denying defendants' motion for a new trial. The action is for unlawful detainer, the complaint being in the usual form.

1. Appellants contend that the evidence does not show that the defendants ever agreed to pay any rent to the plaintiff. The court finds that on or about April 1, 1898, the plaintiff, by an agreement and lease, at Watsonville, in the county of Santa Cruz, leased, demised and let to the said John H. Wise and H. E. Wise, associated and transacting business under the firm name of Christy & Wise, certain premises situated in said county of Santa Cruz, for the term of one year, or as long as there was sufficient pulp on said premises adjoining the said demised premises to feed 2,600 head of sheep upon the said demised premises at the monthly rent of $50, payable monthly on the first day of each and every month, the first month's rent to be paid on the first day of May, 1898. The testimony of the plaintiff was positive to the making of the lease according to the foregoing finding, but it is contended by appellants that this evidence was entirely neutralized by the receipt which the plaintiff gave the defendants for the first month's rent. That receipt reads:

"$50.00.                    San Francisco, April 15, 1898.

"Received from J. B. Joyaux fifty dollars as one month from date in advance for hauling with my windlass the pulp needed by Christy & Wise sheep on the land of W. Silvarer.
                                        "JOHN LACRABERE."

The plaintiff testifies that on the fifteenth day of April, 1898, "John Esponda gave me $50 as one month's rent for the premises. When I received the $50 I signed a receipt" (being the receipt in question); and in this connection it was "admitted that at all times mentioned in the complaint J. B. Joyaux was acting as the agent of Christy & Wise, and

acted as such agent when renting lot No. 1, and that the sum
of $50, paid as aforesaid, was the money of Christy & Wise.''
The receipt shows upon its face that the word ''rent'' should
have been inserted between ''month'' and ''from'' in order
to make sense. It states that the pulp is needed by Christy
& Wise sheep on the land of W. Silvarer. It appears from
the testimony that the plaintiff was the lessee of Silvarer,
and sublet to the defendants the premises in question. A
receipt is not like a written contract, but may always be ex-
plained by parol testimony. It appears from the testimony
that the pulp referred to could not be used excepting upon
the premises described in the complaint, and which it is
claimed were leased to said defendants. Taking the testi-
mony of the plaintiff with the admission, the court was justi-
fied in its finding that defendants, Christy & Wise, through
their agent, leased the lot No. 1, as claimed, for the rent and
upon the terms stated.

2. It is claimed that the evidence does not show that the
three days' notice was served upon the defendants. The
finding is that on the thirtieth day of July, 1898, at the city
of Watsonville, county of Santa Cruz, three days' notice in
writing was duly given to and served by plaintiff upon said
defendant John H. Wise, and on August 11, 1898, at the city
and county of San Francisco, a like three days' notice was
given to and served by plaintiff upon said defendant Harry
E. Wise, demanding the rent due, stating the amount, or the
delivery of possession of the premises to the plaintiff. The
notice addressed to the defendants contained in the bill of
exceptions reads: ''You are hereby required to pay the rent
of the premises hereinafter described and which you now
hold possession of, amounting to the sum of $100, being the
amount now due and owing from me to you, said Christy &
Wise, for two months' rent from the first day of May, 1898,
to the first day of July, 1898, or deliver up the same to my
agents [giving their names and place in the city of Watson-
ville], or I shall institute legal proceedings against you to
recover possession of said premises with treble rents.''
(Here follows description of premises as contained in the
complaint.) In the notice as copied in the transcript there
is an evident mistake in this respect: ''me to you'' should
be transposed as ''you to me'' in order to make sense, and
the mistake is so patent as not to mislead anyone. The no-

tice in question was served upon the defendant John H. Wise at Watsonville, county of Santa Cruz, on July 30, 1898, and upon defendant Henry F. Wise at the city and county of San Francisco on August 11, 1898. The defendants having failed to pay the rent or deliver up the premises demanded, the action was commenced upon August 25, 1898. A tenant of real property is guilty of unlawful detainer where he continues in possession after default in the payment of rent pursuant to the lease or agreement under which the property is held and three days' notice in writing, requiring its payment, stating the amount which is due, or possession of the property, shall have been served upon him: Code Civ. Proc., sec. 1161, subd. 2. The next subdivision of the same section provides that within three days after the service of notice the tenant may perform the conditions or covenants in the lease, or pay the stipulated rent, as the case may be, and thereby save the lease from forfeiture. As said in Ivory v. Brown (opinion filed November 17, 1902), 137 Cal. 603, 70 Pac. 657: "The defendants neither paid rent, nor heeded the notice, but remained in possession. The action was commenced May 11, 1900. It is thus apparent that defendants had ample and statutory notice." In this case the defendants failed and refused to pay the rent or to surrender the possession of the premises within the time specified, or at all, and more than three days after the service of the notice elapsed before the suit was brought. The defendants are supposed to have known the law, and they could not have misunderstood the purport of the notice.

Order affirmed.

We concur: Harrison, J.; Garoutte, J.