## Deane v. Mitchell et al.

March 3, 1950.

Sidney B. Neal, Judge.

390

Thomas E. Sandidge for appellant.

Wilson & Wilson for appellees.

JUDGE REES—Affirming.

This is a forcible detainer action by Silas M. Deane against R. L. Mitchell and Hobart Hanberry. It was originally filed in the Daviess County Court and Mitchell and Hanberry having been found not guilty, the action was appealed to the Circuit Court where the appellees were again found not guilty.

The appellant, Silas M. Deane, by written contract dated June 1, 1940, leased a store building located at 211 Allen Street in Owensboro, Kentucky, to Len Dawson for a rental of $80 a month. The lease was for a term of five years, and Dawson was given the option to renew or extend it for a further term of five years commencing at the expiration of the original five year term. The contract contained this provision: "* * * provided, however, that notice of the exercise of such option shall be given by the party of the second part to the party of the first part at least thirty (30) days before the expiration of the term of this lease, which notice must be in writing; and it is expressly agreed by and between the parties hereto that time is of the essence in the giving of said notice."

The contract gave the lessee the further option to renew or extend the lease for a second additional term of five years commencing at the expiration of the first

extended term on May 31, 1950, provided written notice of the exercise of such option was given to the lessor at least thirty days prior to the expiration of the first extension of the term. Dawson paid to Deane the monthly rental of $80 during the five year term, but before the expiration of the term began negotiating with Deane for the lease of a store building, known as 213 Allen Street, which adjoined the building then occupied by him. On April 30, 1945, thirty-one days before the expiration of the lease on the building located at 211 Allen Street, the parties agreed on a lease to Dawson of the property located at 213 Allen Street. Dawson was engaged in the paint and glass business, and desired larger quarters in which to conduct the business. It was deemed unnecessary to draw a new contract, and the following notation in longhand was written on the margin of the original contract opposite the description of the property located at 211 Allen Street and was signed by Deane and Dawson and witnessed by Mabel Johnson, Dawson's bookkeeper: "April 30, 1945. Also two story building located at 213 Allen St., $50.00 per month. Maintenance to be same as typewritten contract on building located at 211 Allen St."

Unless this notation is treated as notice to Deane that Dawson exercised his option to extend the original lease for a term of five years, no written notice was actually given. Beginning June 1, 1945, Dawson paid to Deane $130 each month as rental for the two buildings. On August 3, 1948, Dawson sold his business to appellees, and assigned his lease to them. Appellant then demanded possession of the two buildings, and upon appellees' refusal to surrender possession brought this forcible detainer proceeding on August 28, 1948, on the theory that Dawson failed to give the thirty day written notice required by the contract of June 1, 1940, and thereby elected to hold under KRS 383.160 which reads in part: "If, by contract, a term or tenancy for a year or more is to expire on a certain day, the tenant shall abandon the premises on that day, unless by express contract he secures the right to remain longer. If without such contract the tenant shall hold over, he shall not thereby acquire any right to hold or remain on the premises for ninety days after said day, and possession may be recovered without demand or notice if proceedings are instituted within that time."

The sole question presented is whether there was a waiver by appellant of the written notice required by the lease. Ordinarily, a provision in a lease requiring written notice to the lessor of the lessee's election to exercise his option to renew the lease must be strictly complied with, and the notice must be given at the time and in the manner specified, Rounds v. Owensboro Ferry Company, 253 Ky. 301, 69 S. W. 2d 350, but it is generally recognized that this requirement may be waived by the lessor. Khourie Bros. v. Jonakin, 222 Ky. 277, 300 S. W. 612; 51 C. J. S., Landlord and Tenant, sec. 62(d). The facts in the present case show conclusively that Deane and Dawson, during the negotiations prior to April 30, 1945, for the rental of the second building, understood that Dawson intended to exercise his option to renew the lease on the building described in the original contract and to continue his paint and glass business in the two buildings. Deane knew that Dawson would be compelled to incur considerable expense in connecting the two buildings. Dawson did spend more than $2,000 making an inside opening between the two buildings and improving and preparing the second building for his business. It was understood that the two buildings were to be used as one property by Dawson in the conduct of his business, and it is unthinkable that Deane believed Dawson was leasing the second building and incurring this expense for the mere privilege of using the two buildings for the unexpired part of the first five year term, or for thirty-one days. Dawson testified that during the negotiations for the lease of the second building and at the time the notation was made on his copy of the original lease the extension of the lease for a term of five years was discussed, and both parties understood that the notation signed by both of them constituted a renewal of the lease and the inclusion therein of the second building.

On the trial of the case in the Circuit Court a jury was waived by agreement of the parties, and the case was submitted to the court on the law and the facts. In response to a motion to state separately in writing his findings of fact and conclusions of law, the Circuit Judge stated his findings of fact in part as follows: "* * * the plaintiff and the said Dawson added to their said written agreement of June 1, 1940, by addition thereto and by notation of an agreement placed thereon on April 30,

1945; at which time the said Silas M. Deane, by his acts and statements, as shown in the evidence, waived the requirements of said lease contract of June 1, 1940, that written notice for an extension of said lease agreement be given to him, and at which time the said Dawson made known his desire and intention to extend said lease for the additional five year option period provided for therein for said premises known as 211 Allen Street to which said plaintiff agreed."

A careful reading of the record convinces us that the Circuit Court's findings of fact and conclusions of law are correct, and the judgment is affirmed.