**Carolyn WOODRUM, Exr., etc., Appellant,**

v.

**Ronald PULLIAM et al., Appellees.**

Court of Appeals of Kentucky.

April 24, 1970.

---

Marion Rider, Frankfort, for appellant.

John D. Darnell, Chancellor & Darnell, Frankfort, for Eastridge.

Young & Williams, Frankfort, for R. Pulliam.

Dailey & Fowler, Frankfort, for Campbell.

MICHAEL M. HELLMANN, Special Commissioner.

On May 14, 1953, Tilson and Bessie Eastridge, hereinafter referred to as "Eastridge", owned a parcel of land at 594 East Main Street, Frankfort, Kentucky.

On that day Eastridge leased said premises to James D. Campbell for a 10-year term with an option to extend for three

additional terms of five years each. The first term began July 15, 1953.

Among other things, the lease provided that each of the said options "may be exercised by the lessee giving lessor written notice, as herein provided, at least forty-five (45) days prior to the expiration of the original term or the then current extension, as the case may be. If the lessee does not exercise his then current option to extend the lease, the term shall be automatically extended from year to year, on the same covenants and conditions as herein provided, unless and until either lessor or lessee terminates this lease at the end of the original term, or the then current extension period, or any subsequent year, by giving the other at least thirty (30) days written notice as herein provided."

Paragraph 19 of the lease required notice to be given by registered mail.

It will be noted that there are two deadlines in this lease.

On May 17, 1955, Campbell assigned a portion of the premises to one Guy N. Woodrum. (Woodrum died July 12, 1965, and Carolyn Woodrum, as his widow and also as his executrix, is the appellant herein. The widow and executrix will hereinafter be referred to as "Woodrum".)

Under clause 8 of the assignment Woodrum had "the right and option * * * to continue said lease with Eastridge" if Campbell failed or did not exercise his option for an extension of the lease.

Some time after the aforesaid assignment Woodrum improved the land at a cost of approximately $50,000.

In December, 1962, Campbell exercised his option for the first five-year period, which was from July 15, 1963, to July 15, 1968. Campbell, however, failed to give Eastridge the required 45 days' notice to renew the second five-year option; and on June 8, 1968, Eastridge, under the above provisions, notified Campbell of his intention to terminate the lease as of July 15, 1968.

Prior to these events, on November 8, 1965, Ronald Pulliam, d/b/a Pulliam Electric Company, hereinafter referred to as "Pulliam", took an assignment from Woodrum of all or a portion of the premises that had been assigned to Woodrum by Campbell.

All leases and assignments were recorded in the office of the County Court Clerk of Franklin County, Kentucky.

This suit was commenced on September 10, 1968, when Pulliam filed a complaint against Eastridge and Woodrum. Pulliam sought to have Eastridge and Woodrum interplead as to their respective claims for rents then due and to become due from Pulliam. Thereafter various answers, counterclaims and cross-claims were filed, all of which culminated in a summary judgment adjudging that the lease from Eastridge to Campbell under the date of May 14, 1953, had terminated and that as of July 15, 1968, the defendant Woodrum had no interest in the real estate described in the complaint.

It is from this judgment that Woodrum appeals. Appellant argues that the lower court erred in granting the summary judgment on the ground that "the failure of Campbell to give the required notice was unintentional and through oversight, and the lower court erred in refusing to order a trial upon the issue as to the right of the appellant to equitable relief from the asserted forfeiture."

Appellant bases her argument on the text cited in 32 Am.Jur. 324 (Landlord and Tenant, § 981), which is to the effect that equity will relieve against the consequences of a failure to give a notice which is a condition precedent to the renewal of a lease when such failure results from *accident, fraud, surprise,* or *mistake* and some other *special circumstances.* We perceive no accident, fraud, surprise, mistake or any other special circumstances requiring equitable relief.

Appellant further calls our attention to the annotations in 44 A.L.R.2d 1359 and 27

A.L.R. 987. The Kentucky cases cited there which seem applicable do not favor appellant's point of view. For instance, in Deane v. Mitchell, 312 Ky. 389, 227 S.W.2d 893 (1950), where a 5-year lease of a store building gave the lessee an option to renew, provided he gave the lessor 30 days' written notice before expiration of the lease term, upon the express agreement that time was of the essence in the giving of the notice, it was held that, the lessee having leased the adjoining store property from the lessor thirty-one days before the expiration of the lease so as to enlarge his business (the only writing with regard thereto being a notation added to the original lease "also two story building" located next door), the lessor had waived the requirement of written notice.

In Wieck v. Glindmeyer, 229 Ky. 28, 16 S.W.2d 487 (1929), and Rounds v. Owensboro Ferry Co., 253 Ky. 301, 69 S.W.2d 350 (1934), it was held that the notice was not given in time and was, therefore, ineffective.

Appellant also relies on Ledford v. Atkins, Ky., 413 S.W.2d 68 (1967), which was an oil lease case and dealt with failure promptly to pay delay rentals. We distinguish this class of cases from the one before us. This case does not involve forfeiture, but is a failure to exercise an option within the required time; hence we fail to see any equitable issues.

From a reading of the prime lease there is no doubt but that time was intended to be an important factor; there is a 45-day clause to renew, and a 30-day clause to terminate.

As we read the record, we see no issue other than Campbell's admitted testimony that "I just plain, plumb forgot" to exercise the option; and counsel for appellant does not suggest any other issue.

We conclude that time is of the essence in the prime lease at law as well as in equity. This is not a matter of forfeiture or penalty; hence no equitable issue is involved. Campbell failed to exercise his option. Under its express terms Eastridge had the right to and did terminate the lease.

With respect to the appropriateness of a summary judgment, the undisputed facts as disclosed in the pleadings and discovery depositions entitled Eastridge to judgment as a matter of law.

The judgment is affirmed.

All concur.