[Civ. No. 1339. Fifth Dist. Nov. 22, 1971.]

W. A. KLEPPER et al., Plaintiffs and Appellants, v.
MARTHA JOHANNA HOOVER, Defendant and Appellant.

**COUNSEL**

Wagner & Dietrich and Richard W. Dietrich for Plaintiffs and Appellants.

Crossland, Crossland & Caswell and James M. Bell for Defendant and Appellant.

## OPINION

**FRANSON, J.*—**This is an action for declaratory relief to determine the rights of the parties under an agricultural lease having a term of 10 years with an option to extend for an additional 10 years. The trial judge declared the lease valid as to the original term and invalid as to the option.

Plaintiffs appeal from that portion of the judgment declaring the option invalid. Defendant appeals from that portion of the judgment declaring the original term valid.

In June 1962, plaintiffs W. A. Klepper and Ila Mae Klepper, husband and wife, executed an agricultural lease with defendant, Martha Johanna Hoover. The land leased by the Kleppers from Mrs. Hoover consisted of 640 acres; the term of the lease was 10 years commencing January 1, 1963, and ending December 31, 1972. The lease gave the lessees the right, at their option, to extend the term for an additional 10 years beyond the original term, the option to be exercised by written notice to the lessor at least 30 days prior to the expiration of the initial term of the lease. The option, which has not yet been exercised, may be exercised at any time up until the 1st day of December 1972.

The parties contemplated a long term development of the land. In 1962, at the time the lease was executed, there was no well on the property, no improvements or buildings, the soil was hard and alkaline, and the land required leveling for row-crop irrigation. After the lessees took possession they drilled a 1,200-foot deep well and installed a 150 horsepower pump at a cost of $30,000, carried out a land-leveling program at a cost of $9,000, and made heavy applications of gypsum to treat the alkaline soil, at a cost of approximately $13,000. In 1968 the well casing was repaired at a cost of $7,800.

In 1963, W. A. Klepper, Jr., joined his father in a partnership known as Klepper Ranches. In February 1965, the son contacted Mrs. Hoover and informed her that the Kleppers desired to substitute the partnership, Klepper Ranches, as lessee under the lease, as the partnership was desirous of using the lease as collateral for a loan. Mrs. Hoover agreed, and W. A. Klepper, Jr., took her to the office of Joseph A. Ryan, a certified public accountant and notary public. Mr. Ryan crossed out the names on a copy of the lease indicating that W. A. Klepper and Ila Mae Klepper were the lessees, and wrote in "Klepper Ranches, a partnership," as lessee. W. A. Klepper, Jr., and Mrs. Hoover initialed the change on the face of the lease, W. A. Klepper, Jr., signed the lease on behalf of the partnership, and both of them acknowledged their signatures before the notary public.

---

*Assigned by the Chairman of the Judicial Council.

In the summer of 1968 the partnership was dissolved, and the lease, together with all leasehold improvements, including well and pumps, was sold to a third party for $40,000.

Civil Code section 717, as it read in 1962, prohibited leases of agricultural land for terms in excess of 15 years. In 1963 the Legislature amended section 717, effective September 21, 1963, to allow such leases for terms up to 51 years.

■ Plaintiffs Klepper first contend that the 1965 initialing of the lease agreement, substituting Klepper Ranches as lessee in the place of W. A. Klepper and Ila Mae Klepper, constituted a novation between Klepper Ranches and Mrs. Hoover, and the creation of a new lease valid under the statute as amended in 1963. The trial judge found that the initialing to approve the change of lessee did not amount to a novation as there was no intent to terminate the 1962 lease; that the parties merely accomplished an assignment of the lease to the partnership.

A novation is a substitution, by agreement, of a new obligation for an existing one, with intent to extinguish the latter. (Civ. Code, §§ 1530, 1532.) A novation is subject to the general rules governing contracts (Civ. Code, § 1532) and requires an intent to discharge the old contract, a mutual assent, and a consideration. (1 Witkin, Summary of Cal. Law (1960) Contracts, § 315, pp. 340-341.) The question whether these elements are present is one of fact for determination by the trial judge. (*Alexander* v. *Angel,* 37 Cal.2d 856, 860-861 [236 P.2d 561].) There is sufficient evidence in the record to support the judge's finding that the parties intended to effect an assignment of the lease to the partnership, with the lessees to remain in privity of contract with the lessor, and that this was done for the convenience of the lessees to enable them to obtain a loan, using the lease as collateral security. The question being one of fact, the finding cannot be disturbed on appeal. (*Alexander* v. *Angel, supra,* 37 Cal.2d 856; *Callahan* v. *Gray,* 44 Cal.2d 107, 111 [279 P.2d 963]; *Continental Dairy Equip. Co.* v. *Lawrence,* 17 Cal.App.3d 378, 382 [94 Cal.Rptr. 887].)

■ Plaintiffs Klepper next contend that the lease and the option for extension are valid, even though executed in 1962 when the law prohibited agricultural leases in excess of 15 years.

In *Cicinelli* v. *Iwasaki,* 170 Cal.App.2d 58, at page 64 [338 P.2d 1005], it is stated: "A provision in a lease giving the lessee the option to extend or renew the lease creates only a contractual right. [Citations.] It does not transfer any interest in the land [citation] until the option is exercised."

(See *Hayward Lbr. & Inv. Co.* v. *Const. Prod. Corp.,* 117 Cal.App.2d 221, 229 [255 P.2d 473]; *Dougherty* v. *California Kettleman Oil Royalties, Inc.,* 9 Cal.2d 58, 78 [69 P.2d 155].)

In 3 Thompson on Real Property, section 1119, pages 420-421, it is stated that while in some cases an option for renewal is held to create a property right in the lessee as to third parties, "Other cases hold that the agreement for renewal conveys no interest or estate in the premises beyond the term of the lease, and the right to a renewal does not vest until the tenant complies with the conditions. The option to renew amounts to no more than a covenant to grant an additional term. It is a mere continuing offer, not binding until accepted." (See also *Hindu Incense Mfg. Co.* v. *MacKenzie,* 403 Ill. 390 [86 N.E.2d 214, 215]; *Fuchs* v. *Peterson,* 315 Ill. 370 [146 N.E. 556, 557].)

In 51C Corpus Juris Secundum, section 56(1), at page 170, it is stated: "A covenant in a lease giving the lessee the option to extend or renew the lease is a purely executory contract [citations], and at most confers a right to obtain a renewal or extension if there is a compliance with the conditions on which the right is made to depend [citations]."

The conditions upon which the right to exercise the option depends are the payment of rent when due and the compliance by the lessee with the other covenants of the lease. Performance of the covenants is a condition precedent to the exercise of the right of renewal or extension. (*Behrman* v. *Barto,* 54 Cal. 131; *Streicher* v. *Heimburge,* 205 Cal. 675 [272 P. 290]; 30 Cal.Jur.2d, Landlord and Tenant, § 102, p. 239.)

We note that the option in question has not yet been exercised. The assignee has until December 1, 1972, to decide whether to exercise it. The trial court found that from 1962 through 1968 none of the parties were aware of the provisions of Civil Code section 717. There is no suggestion that any act by the parties was undertaken in an attempt to circumvent the stated policy of the State of California as expressed in the statute. (See *Clark* v. *Barnes,* 76 N.Y. 301, where the court struck down an agricultural lease because of an apparent attempt to evade state constitutional prohibitions; see also Annot., Construction and Effect of Statutes Limiting Duration of Agricultural Leases, 17 A.L.R.2d 566, 571.)

We conclude that commencing January 1, 1963, Mrs. Hoover granted to the Kleppers a leasehold estate consisting of a 10-year term, which was valid under the then 15-year limitation of Civil Code section 717; that until such time as the option to extend is exercised, the lessee has only a contractual right to extend the lease, rather than any estate in the land beyond the original term. If the option is exercised the assignee will then have an

additional 10-year term, for a total of 20 years, valid under the 51-year limitation of Civil Code section 717 as amended in 1963. We reject the contention that by a fictional process of relation-back to 1962, the lease must be deemed a 20-year lease from its inception and void under section 717 as it then existed. Only when the option is exercised does the lease become one for 20 years.

Our decision is in accord with the general rule that contracts should be construed to make them effective and lawful. (Civ. Code, §§ 1643, 3541.) Also it gives full effect to the intention of the parties as expressed in the lease and avoids a forfeiture which is disfavored by the law. (*Ballard* v. *MacCallum,* 15 Cal.2d 439, 444 [101 P.2d 692]; 1 Witkin, Summary of Cal. Law (1960) Contracts, § 251, p. 282.)

Defendant relies on *Erickson* v. *Boothe* (1947) 79 Cal.App.2d 266 [179 P.2d 611], and a series of earlier cases from out of state, holding that options for renewal effect a present demise for the full period, including the renewal period. In *Erickson,* a decedent leased property to the defendant with an option to re-lease on the same terms for an additional four years, on six months' written notice. The lessee made substantial improvements to the land and within the time required elected to exercise the option. The executrix contended that the option, being one for renewal, required the execution of a new lease and that the attempt to extend the term by notice alone was ineffective. To avoid a forfeiture because a new lease had not been executed, the court held that the option for renewal was to be considered a present demise for the entire period, including the renewal period. No California authority is cited in *Erickson* for the stated proposition. By adopting a "present demise" theory, the court was able to reach an equitable result in accordance with the obvious intention of the parties.

Defendant cites *Howell* v. *City of Hamburg Co.,* 165 Cal. 172 [131 P. 130], for the proposition that when a lease is invalid at the time of execution because contrary to existing law, such invalidity affects the full period of the extension as well, and *Willcox* v. *Edwards,* 162 Cal. 455, 461 [123 P. 276], for the rule that if a contract is illegal at the time it is made, the subsequent repeal of the law will not validate the contract. Neither of these cases is in point inasmuch as we hold that the subject lease was valid at the time of its execution; being for a term of 10 years, it complied with Civil Code section 717 as it existed in 1962.

The portion of the judgment holding the initial term of the lease to be valid is affirmed; the portion of the judgment holding the option term to be

invalid is reversed. The trial court is directed to amend its judgment to provide that the exercise of the option at any time prior to December 1, 1972, will not contravene the provisions of Civil Code section 717.

Each side to bear its own costs on appeal.

Gargano, Acting P. J., and Brown (G. A.), J., concurred.

A petition for a rehearing was denied December 20, 1971, and the opinion was modified to read as printed above. The petition of the defendant and appellant for a hearing by the Supreme Court was denied January 19, 1972. Peters, J., Mosk, J., and Burke, J., were of the opinion that the petition should be granted.