[Civ. No. 14898. Fourth Dist., Div. One. Sept. 15, 1977.]

KURT NORK, Plaintiff and Respondent, v.
PACIFIC COAST MEDICAL ENTERPRISES, INC., et al.,
Defendants and Appellants.

412

---

**COUNSEL**

Higgs, Fletcher & Mack, Joe N. Turner and Gregg C. Sindici for Defendants and Appellants.

Sankary & Sankary and Morris Sankary for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Pacific Coast Medical Enterprises, Inc. (Pacific) appeals the judgment in unlawful detainer granting restitution of the premises and rent to Kurt Nork.

In its answer, Pacific defended its nonpayment of rent by claiming certain sums were owed to it by Nork and should be set off. The superior court struck the defense; Pacific claims this was error.

■ The purpose of the unlawful detainer statutes is to provide the landlord with a summary, expeditious way of getting back his property when a tenant fails to pay the rent or refuses to vacate the premises at the end of his tenancy. If a defendant were allowed to assert affirmative defenses or cross-claims which were irrelevant to the right of immediate possession, the summary character of the proceedings would be lost. ■ A defense which "arises out of the subject matter" of the original suit, and, thus, is permitted in the usual case, is normally excluded in an unlawful detainer if the defense is extrinsic to the issue of possession, (*Knowles* v. *Robinson,* 60 Cal.2d 620, 625 [36 Cal.Rptr. 33, 387 P.2d 833]). This does not mean the defendant may not present any defense; rather, he may only assert those defenses which, if proven, would either preserve his possession as a tenant or preclude the landlord from recovering possession (*Green* v. *Superior Court,* 10 Cal.3d 616, 631-632 [111 Cal.Rptr. 704, 517 P.2d 1168]).

■ There are two major exceptions to the rule that affirmative defenses or cross-claims may not be asserted in an action for unlawful detainer. The first includes instances where the tenant has vacated the premises before the complaint is filed. The issue of possession becomes moot and the only question is the amount of rent and damages due. An action in unlawful detainer is no longer appropriate[1] and, in what becomes a contract case, affirmative defenses may be raised (*Briggs* v. *Electronic Memories & Magnetics Corp.,* 53 Cal.App.3d 900, 906 [126 Cal.Rptr. 34]). The second exception allows the court to examine equitable considerations.

---

[1]Although the cases call this an exception to the rule, it really is not. Where the premises have been vacated, the action is no longer one of unlawful detainer, so the rule does not apply at all.

■ It is proper in an unlawful detainer suit for the tenant to challenge the existence of the landlord-tenant relationship. Included here are defenses such as: there was an oral lease rather than a month-to-month tenancy (*Schubert* v. *Lowe,* 193 Cal. 291, 296 [233 P. 550]); the lease was part of the consideration in the sale of a building by the tenant to the landlord and the landlord had not drawn up the lease as required by the sales contract (*Rishwain* v. *Smith,* 77 Cal.App.2d 524, 528 [175 P.2d 555]); there was no rental because the supposed tenant was really the purchaser of a life estate (*Manning* v. *Franklin,* 81 Cal. 205, 207 [22 P. 550]); there was no rental because the supposed landlord and tenant were really partners (*Pico* v. *Cuyas,* 48 Cal. 639, 642). Other equitable defenses which can be used in an unlawful detainer action relate to improper acts on the part of the landlord such as: refusal to accept timely payment of rent (*Strom* v. *Union Oil Co.,* 88 Cal.App.2d 78, 81 [198 P.2d 347]); claiming there was a breach of the lease after acquiescing in it (*Gray* v. *Maier & Zobelein Brewery,* 2 Cal.App. 653, 658 [84 P. 280]); evicting a person only because of his race which involves state action and violates both the state and federal Constitutions (*Abstract Investment Co.* v. *Hutchinson,* 204 Cal.App.2d 242, 255 [22 Cal.Rptr. 309]); demanding rent after failing to keep the premises habitable (*Green* v. *Superior Court, supra,* 10 Cal.3d 616, 635). In addition, a tenant could always allege he had, in fact, paid the rent or had left a security deposit with the landlord which could be used to offset rent due (*Knight* v. *Black,* 19 Cal.App. 518, 526 [126 P. 512]).

■ In contrast, the defense the lease was entered into fraudulently cannot be asserted by a tenant who was not in possession of the premises at the time he signed the lease (*D'Amico* v. *Riedel,* 95 Cal.App.2d 6, 9 [212 P.2d 52]; cf. *Johnson* v. *Chely,* 43 Cal. 299, 305). Such a defense is impermissible because it does not go to the question of possession; if the tenant proves the lease was fraudulent, he is occupying the premises illegally and he has no right to remain; if the tenant fails to prove fraud, he would have no right to possession because he is delinquent in paying the rent. His remedy is damages, not possession. Even though these damages might be sufficient to offset the rent due in the unlawful detainer action, the allegation the lease is defective must be brought as a separate suit and cannot be raised as an affirmative defense (see *Vasey* v. *California Dance Co.,* 70 Cal.App.3d 742, 747 [139 Cal.Rptr. 72]).

■ A tenant who is being evicted cannot oppose his ouster in an unlawful detainer suit by claiming the landlord is violating the antitrust laws and is terminating his lease because he, the tenant, refuses to

enforce a resale gasoline price-fixing scheme (*Union Oil Co.* v. *Chandler,* 4 Cal.App.3d 716, 726 [84 Cal.Rptr. 756]). An antitrust suit involves a type of private discrimination which does not violate state or federal Constitutions (cf. *Abstract Investment Co.* v. *Hutchinson, supra,* 204 Cal.App.2d 242). In addition, antitrust suits typically involve complex evidentiary issues and take a long time to resolve, characteristics antithetical to the summary nature of the unlawful detainer suit. The defendant has an adequate remedy at law and must bring his complaint as a separate action.

■ Although, as noted above, a tenant may defend his nonpayment of rent or holding over by alleging there was no landlord-tenant relationship, he may not question his landlord's title to the property (*Warburton* v. *Doble,* 38 Cal. 619, 620). Whether the tenant won or lost his claim that the landlord's title was defective, it would not affect his right to possession of the property. The tenant would have to bring a separate action to resolve this question.

■ A tenant may not claim an earlier unrelated debt owed by the landlord as a setoff for past due rent (*Ivory* v. *Brown,* 137 Cal. 603, 605 [70 P. 657]). Being unrelated to the lease, it has no relevancy to possession. If in *Ivory* the tenant were to bring an independent suit to collect attorney's fees owed her by the landlord and win, this would not legitimize her tenancy nor affect the landlord's right to recover the premises.

Here Pacific's proposed setoff most closely parallels the claim of the earlier unrelated debt. Nork, the landlord, had been employed by a wholly owned subsidiary of Pacific which assigned its claim to its parent company. Nork allegedly had used corporate funds for his own personal expense, had diverted corporate funds to his own corporations and was overdue in paying off a promissory note. The total Nork allegedly owed Pacific was about $100,000,[2] a sum far in excess of the rent due to Nork. Thus, by allowing setoffs, Pacific would be deemed to have paid its rent, and the return of the premises to Nork would be improper. However,

---

[2] After the briefs had been filed, Pacific asked us to augment the record by taking judicial notice of the fact they had answered alleging these debts when Nork sued in another suit for the rent due and had been awarded $13,485.65 from Nork on these claims. We agreed to consider the information which (1) obviates the need to litigate this aspect as a defense in another trial of the unlawful detainer case were we to reverse, (2) belies Pacific's assertion this defense should have been permitted in a summary unlawful detainer proceeding rather than as a defense to their contract action and (3) by implication moots this issue on appeal.

these claimed debts are unrelated to the lease and to possession. Getting proof that Nork milked the coffers of Pacific's assignors for his personal gain is complex and time-consuming (see *Union Oil Co.* v. *Chandler, supra,* 4 Cal.App.3d 716, 726). If Pacific were to bring a separate action based on this assigned debt and win, it would not clarify its position vis-a-vis Nork and the lease. The proposed setoff is irrelevant to the right of immediate possession and the superior court properly struck it (see *Ivory* v. *Brown, supra,* 137 Cal. 603).

There are no equitable considerations here to make Pacific an exception to the general rule that affirmative defenses are inadmissible. The alleged debts which Nork owed initially were owed to two other corporations, controlled by Pacific, who assigned their claims to Pacific after they had brought and dismissed a suit in Los Angeles County and Nork had brought his suit here. Having brought its defense, probably at a discount, Pacific is in no position to petition for equity.

■ In the lease between Pacific and Nork is an option, giving the lessee the right to renew, which Pacific tried to exercise and Nork refused to accept. Pacific says this is an independent covenant and it claims it can exercise the option even if it is in default on the rent payments because there is no express written clause requiring such payment. However, payment of rent is an implied condition which must be satisfied in addition to other express covenants in the lease before the option can be exercised (*Klepper* v. *Hoover,* 21 Cal.App.3d 460, 464 [98 Cal.Rptr. 482]).

The judgment is affirmed.

Staniforth, J., and Rosado, J.,* concurred.


A petition for a rehearing was denied September 30, 1977, and appellants' petition for a hearing by the Supreme Court was denied November 10, 1977.

---

*Assigned by the Chairperson of the Judicial Council.