541 So.2d 634 (1989)
THRIFTY DUTCHMAN, INC., a Florida Corporation, Appellant,
v.
FLORIDA SUPERMARKETS, INC., a Florida Corporation, Appellee.
No. 87-2048.
District Court of Appeal of Florida, Third District.
January 17, 1989.
Rehearing Denied May 10, 1989.
*635 Michael Winer, Ft. Lauderdale, Holland & Knight and Irving M. Wolff, Miami, for appellant.
Sherr, Tiballi, Fayne & Schneider and William H. Lefkowitz, Ft. Lauderdale, McDermott, Will & Emery and James E. McDonald and B. Richard Young, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Thrifty Dutchman, an owner-lessor of commercial property, appeals a trial court order granting equitable relief to the lessee, Florida Supermarkets, upon the lessee's negligent failure to timely renew a lease option.
In 1956 Weinkle and Kessler, Thrifty Dutchman's predecessors in interest, built a commercial building which they leased to Irene Corporation for twenty-five years. The lessee was given an option to renew the lease at the end of the twenty-five year term, for four, five-year periods.[1] In order to renew, the lessee was required to give notice to the landlord by registered mail no later than six months prior to the lease expiration date.
Irene Corporation assigned its leasehold interest to the appellee, Florida Supermarkets, as part of the latter's acquisition of forty-two Pantry Pride chain stores in South Florida. By the lease terms, notice of an intent to renew should have been given no later than May 31, 1986. Thrifty Dutchman, the lessor, never received the renewal notice.
Subsequently, Weinkle, the president of Thrifty Dutchman, believing that there would be no renewal of the lease, negotiated a deal with a corporate creditor to forego immediate collection of a debt owed by Thrifty Dutchman which, allegedly, could force Thrifty Dutchman into bankruptcy. In exchange for Weinkle's promise to either sell the property and pay off the debt, or pledge a new long-term lease to satisfy the debt, the creditor cancelled a scheduled hearing in an action to enforce payment. Weinkle signed a listing agreement for the property and, on September 23, 1986, sent a letter to the lessee concerning arrangements for turning over possession of the property on the lease termination date. In response, Florida Supermarkets wrote a letter expressing its intent to extend the lease, stating that the renewal notice had been sent by certified mail on April 9, 1986.
Thrifty Dutchman wrote back explaining that it did not receive the April 9th letter and requested the certified mail number in order to conduct a search. Although Florida Supermarkets continuously maintained that it sent timely notice, the certified mail receipt was never produced. Florida Supermarkets filed a complaint against Thrifty Dutchman seeking a declaration of its rights with regard to the lease and an injunction against any attempt to oust the lessee. Attached to the complaint was a copy of a letter which Florida Supermarkets claimed to have mailed on April 9th. Thrifty Dutchman answered and counterclaimed for past rent. It is undisputed that Florida Supermarkets never tendered any rent on the property until Thrifty Dutchman counterclaimed  ten months after Florida Supermarkets took possession.
After a trial the court rejected Florida Supermarkets' claim that it had sent notice in April and ruled that the lessee had failed *636 to give timely notice of its intent to renew the lease. Nevertheless, the trial court granted Florida Supermarkets' demand for equitable relief and permitted the lessee to exercise the option. We reverse on a holding that, under the circumstances of this case, the plaintiff was not entitled to equitable relief.
The general rule governing notice of lease renewal is that the giving of timely notice, in accordance with the provisions of the lease, is a condition precedent to the lessee's right to renew. The rule is grounded on the principle that time is of the essence in an option contract and that a notice requirement is strictly construed. 3 G. Thompson, Real Property § 1122 (1980 Repl.).
In recent years, however, courts have recognized that there may be special circumstances which warrant relief from the consequences of a lessee's failure to give timely notice in the prescribed manner. 51C C.J.S. Landlord and Tenant § 59 (1968). In Florida, a court of equity may relieve a tenant from the enforcement of a stipulation in the lease that notice must be given within a specified time where the failure to give notice resulted from accident, fraud, surprise or mistake, and there are other special circumstances warranting equitable relief. Dugan v. Haige, 54 So.2d 201, 202 (Fla. 1951). In this case, Florida Supermarkets did not plead or prove accident, fraud, surprise, or mistake as required by Dugan. In fact the lessee's contention at trial was that the notice was sent as required by the lease. The court rejected the contention and instead found that the lessee simply failed to send notice.
Here, another factor weighing against the lessee on the equities scale is the failure to pay rent.[2] The failure to give notice, together with a failure to pay rent for ten months, was consistent with an intent not to renew the lease. Commenting on the lessee's actions, the trial court stated:
[I]t seems to me that the conduct of the lessee from the very beginning, in the way in which these affairs were handled, were sloppy; that they didn't even start paying rent when they were supposed to, on the grounds they didn't put this in some computer. They didn't send the notice out and because of this, they caused this controversy and this lawsuit, and caused the lessor, acting on the grounds that this thing was never timely submitted, to incur attorney fees and costs.
There is, thus, a tacit finding by the trial court that Florida Supermarkets was negligent. That finding is supported by uncontroverted, competent, and substantial evidence.
We agree with the appellant that on review of the trial court's decision we must apply an abuse of discretion test, and that a trial judge's exercise of discretion will not be lightly regarded. Landfield v. Sherman, 201 So.2d 819 (Fla. 4th DCA 1967). Nevertheless, "judicial discretion" means discretion exercised within the limits of recognized rules of applicable law and equity, which, if unjust, when tested in light of those principles may be set aside on appeal. Ellard v. Godwin, 77 So.2d 617, 619 (Fla. 1955); Peterson, Howell and Heather v. O'Neil, 314 So.2d 808 (Fla. 3d DCA 1975); Moore v. Gannon, 178 So.2d 618 (Fla. 3d DCA 1965). Applying controlling principles, we hold that because failure to give notice was due to the negligence of the lessee, unaccompanied by fraud, accident, surprise or mistake, equity could not intervene to relieve the lessee from the consequences of its actions. Ahmed v. Scott, 65 Ohio App.2d 271, 418 N.E.2d 406 (1979); Reynolds-Penland Co. v. Hexter & Lobello, 567 S.W.2d 237 (Tex.Civ.App. 1978); Woodrum v. Pulliam, 453 S.W.2d 263 *637 (Ky. 1970); Koch v. H & S Dev. Co., 249 Miss. 590, 163 So.2d 710 (1964); McClellan v. Ashley, 200 Va. 38, 104 S.E.2d 55 (1958). See generally 50 Am.Jur.2d Landlord and Tenant § 1187 at 76 (1970) ("Equity will not relieve against mere forgetfulness and will not intervene where there is no fraud, accident, or mistake...").
Reversed and remanded.
NESBITT, J., concurs.
BASKIN, Judge (dissenting).
A firmly established legal principle governs the circumstances of the case before us: if competent substantial evidence supports the trial court's decision, affirmance is required. Abreu v. Amaro, 534 So.2d 771 (Fla. 3d DCA 1988). The trial court announced its rationale in the Final Judgment and the record supports its decision. The court stated:
ADJUDGED that the declaratory relief sought by Plaintiff be and is hereby granted. The Court finds that although Plaintiff failed to timely renew the subject lease within the time prescribed in the lease, equity will excuse the delay in giving actual notice on the grounds that the actual notice of renewal was not unreasonably late, there was no prejudice to the landlord resulting from the delay, and it is uncontroverted Plaintiff would suffer unconscionable hardship in the event that the premises are forfeited. Accordingly, pursuant to the authority of Dugan v. Haige, 54 So.2d 201 (Fla. 1951 and Friendship Park Property Corp. v. Shaw, 505 So.2d 456 (Fla. 1st DCA 1987) the Court declares that the subject lease was and is renewed by Plaintiff commencing December 1, 1986 and continuing through November 11, 1991 and Plaintiff is entitled to all rights vested in it as tenant upon renewal of the lease.
A review of the record confirms the trial court's finding that the equities lie with the tenant, and not with the landlord, as the majority concludes. The tenant stood to lose the store, the goodwill, the lease, and the employees of a long-standing successful business. On the other hand, the landlord did not detrimentally rely on the tenant's failure to send notice that it was exercising the option to renew.
The trial court exercised its discretion properly. I would affirm.
NOTES
[1] The fair market rental value of the property is between eight and ten dollars per square foot; the rental price under the lease option is less than one dollar per square foot.
[2] We note, without reaching the point, that some courts hold the failure to pay rent a bar to the exercise of an option to renew even where notice is timely given. Those courts reason that the payment of rent is an implied condition to the right to renew and that nonperformance precludes the exercise of the option. E.g., Hindquarter Corp. v. Property Dev. Corp., 95 Wash.2d 809, 631 P.2d 923 (1981); Brown v. Hoffman, 628 P.2d 617 (Colo. 1981); Nork v. Pac. Coast Medical Enters., 73 Cal. App.3d 410, 140 Cal. Rptr. 734 (1977); Klepper v. Hoover, 21 Cal. App.3d 460, 98 Cal. Rptr. 482 (1971).