Mr. Fassil Gabremariam Chairman, Tampa Port Authority 1101 Channelside Drive Tampa, Florida 33602
Dear Mr. Gabremariam:
You ask substantially the following question:
Does the enabling legislation for the Hillsborough County Port District, Chapter 95-488, Laws of Florida, permit an option to renew a lease of the Tampa Port Authority, the district's governing body, to be exercised immediately after the commencement of the initial lease term?
In sum:
In the absence of a provision in the Hillsborough County Port District's enabling legislation or in the lease itself limiting the exercise of the option to renew, the option may be exercised at any time after the commencement of, but before the end of, the initial lease term.
Chapter 95-488, Laws of Florida, created the Tampa Port Authority (port authority), a body politic and corporate, as the governing body and port authority of the Hillsborough County Port District (district).[1] Section 7 of the act, in setting forth the powers of the port authority, states that the port authority shall have the responsibility of planning and of carrying out plans for the long-range development of the facilities of and traffic through the port. In carrying out such responsibilities, the port authority has the power:
"To acquire by purchase, eminent domain, gift, grant, franchise, lease, or contract any property, real or personal, tangible or intangible, or any estate, right or interest therein, including franchises and grants of any and all kinds. The port authority may sell, lease, or otherwise dispose of any of the property it owns,provided that no property shall be leased for a period of over 40years with an option to renew for an additional forty years."[2]
(e.s.)
Thus, while the port authority is authorized to lease district property, such a lease may not exceed forty years with an option to renew the lease for an additional forty years. You state that the port authority has entered into negotiations with a prospective tenant to lease certain district lands for an initial term of forty years with an option to renew for an additional forty years. In order to obtain long term financing, the prospective tenant has requested the right to exercise the option to renew immediately after the initial lease term commences.
An option to renew a lease is part of the contract to lease.[3] A lease renewal involves a continuation of the landlord-tenant relationship on the terms specified in the option to renew or, if no terms are specified, then "[a] lease renewal connotes a continuation of the landlord-tenant relationship on the same terms as the original lease."[4]
Frequently, the lease itself will specify the manner or time in which the option to renew must be exercised. Where the lease fixes the time and manner of renewal, such provisions will control. In the absence of a waiver or special circumstances warranting equitable relief, the right to renew is lost if those provisions are not satisfied.[5] In the absence of a specific provision in the lease fixing the time for exercising such an option, however, the option continues during the original term of tenancy and must be exercised during that original term.[6]
I am not aware of, nor have you brought to the attention of this office, any provision in the district's enabling legislation indicating when an option to renew must be exercised. The special act limits the terms of leases of district property but appears to be silent on how an option to renew a lease within the permissible lease period must be exercised.
Accordingly, I am of the opinion that in the absence of a provision in the Hillsborough County Port District's enabling legislation or in the lease itself limiting the exercise of the option to renew, the option may be exercised at any time after the commencement of, but before the end of, the initial lease term.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 4, Ch. 95-488, Laws of Florida.
[2] Section 7(b), Ch. 95-488, supra, as amended.
[3] See, e.g., Crossman v. Fontainebleau Hotel Corp.,273 F.2d 720, 80 A.L.R.2d 415 (5th Cir. 1959).
[4] See, Strano v. Reisinger Real Estate, Inc., 534 So.2d 1214,1215 (Fla. 3d DCA 1988), pet. for rev. dism., 542 So.2d 1334
(Fla. 1989). And see, Edgewater Enterprises, Inc. v. Holler,426 So.2d 980, 981 (Fla. 5th DCA 1982), stating:
"Where the contract clause provides that the lessee shall have an option to renew for a specific period of time, but is silent as to all other terms, the clause has generally been held sufficiently definite to enforce and construed as encompassing the same terms and rent as the original lease. On the other end of the spectrum, where the option to renew sets out that the terms, period of time, and rent shall be as determined by the parties at the time of renewal, the clause has generally been considered so indefinite that it is unenforceable."
Accord, LaFountain v. Estate of Kelly, 732 So.2d 503 (Fla. 1st DCA 1999).
[5] See, e.g., Douglass v. Jones, 422 So.2d 352 (Fla. 5th DCA 1982) (where the time to exercise renewal of lease expired on March 21 and letter of March 26 seeking to renew lease acknowledged that there was no prior written notice, the March 26th letter and a lease renewal agreement which was subsequently executed by one of the two landlords were untimely and ineffective to extend the lease). But see, Dugan v. Haige, 54 So.2d 201, 202
(Fla. 1951); and Thrifty Dutchman, Inc. v. Florida Supermarkets,Inc., 541 So.2d 634 (Fla. 3d DCA 1989), recognizing that the giving of timely notice by lessee, in accordance with provisions of the lease, is a condition precedent to the lessee's right to renew the lease although a court of equity may relieve a tenant from the enforcement of a stipulation in the lease that notice must be given within a specified time where the failure to give notice resulted from accident, fraud, surprise or mistake, and there are other special circumstances warranting equitable relief.
[6] See, 51C C.J.S. Landlord Tenant s. 59.