[No. E022234. Fourth Dist., Div. Two. June 30, 1999.]

SUNSET DRIVE CORPORATION, Plaintiff and Appellant, v.
CITY OF REDLANDS et al., Defendants and Respondents.

**COUNSEL**

Gary S. Garfinkle; and Lawrence E. Smith for Plaintiff and Appellant.

Best, Best & Krieger; Howard B. Golds, Cynthia M. Germano; and Daniel J. McHugh, City Attorney, for Defendants and Respondents.

## OPINION

**McKINSTER, J.**—Sunset Drive Corporation (Sunset) appeals from the dismissal of its action after demurrers were sustained without leave to amend to its combined petition for writ of mandate and complaint for damages for the violation of its civil rights. Finding that the facts alleged by Sunset are sufficient to state claims for mandate and damages, we reverse.

### PROCEDURAL BACKGROUND

Sunset filed its action in May of 1996 against the City of Redlands and its city council (collectively, Redlands or the defendants). Alleged in two counts, it sought a writ of mandate, ordering the defendants to complete and certify an environmental impact report (EIR) on Sunset's project, and an award of damages for its failure to do so. The defendants demurred to both counts. The demurrer was sustained with leave to amend.

Sunset's first amended pleading again alleged two counts, seeking the same relief. The defendants again demurred. That demurrer was sustained without leave to amend the mandate count, and with leave to amend the count for damages.

Sunset's second amended pleading alleged solely the count for damages. The defendants again demurred, and the demurrer was again sustained, this time without leave for further amendments. Thereafter, judgment was entered dismissing the action. Sunset appeals, challenging the rulings sustaining the demurrers to both counts.

### DISCUSSION

#### A. *Standard of Review for Rulings on Demurrers.*

"In evaluating an order sustaining a demurrer to a pleading, we give the pleading a reasonable interpretation by reading it as a whole and all of its parts in their context. (*Moore* v. *Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479].) We assume the truth of all material facts which have been properly pleaded, of facts which may be inferred from those expressly pleaded, and of any material facts of which judicial notice has been requested and may be taken. (*Crowley* v. *Katleman* (1994) 8 Cal.4th 666, 672 [34 Cal.Rptr.2d 386, 881 P.2d 1083]; *Marshall* v. *Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403 [44 Cal.Rptr.2d 339].)" (*Mead* v. *Sanwa Bank California* (1998) 61 Cal.App.4th 561, 564 [71 Cal.Rptr.2d 625].) Because the factual allegations are assumed to be true, the

possibility that they may be difficult to prove is irrelevant. (*Concerned Citizens of Costa Mesa, Inc.* v. *32nd Dist. Agricultural Assn.* (1986) 42 Cal.3d 929, 936 [231 Cal.Rptr. 748, 727 P.2d 1029].)

"When considering the legal effect of those facts, we disregard any erroneous or confusing labels employed by the plaintiff. (*Saunders* v. *Cariss* (1990) 224 Cal.App.3d 905, 908 [274 Cal.Rptr. 186].) A complaint is sufficient if it alleges facts which state a cause of action under any possible legal theory. (*Aubry* v. *Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].) However, because it is not a reviewing court's role to construct theories or arguments which would undermine the judgment (*People* v. *Stanley* (1995) 10 Cal.4th 764, 793 [42 Cal.Rptr.2d 543, 897 P.2d 481]), we consider only those theories advanced in the appellant's briefs." (*Mead* v. *Sanwa Bank California, supra,* 61 Cal.App.4th at p. 564.)

B.   *The Petition for Writ of Mandate Is Sufficient.*

1.   *The Allegations of the Petition.*

Sunset's petition for writ of mandate alleges the following facts. Sunset owns real property in Redlands. In September of 1992, Sunset applied to Redlands's planning department for various permits necessary to allow Sunset to develop a low-income housing project on its property. It also paid to Redlands over $100,000 in fees for those applications to be processed by Redlands.

In November of 1992, Redlands deemed the applications complete and determined that the project would require the preparation of an EIR. Redlands prepared an initial study in June of 1993, which identified the issues to be addressed in an EIR.

In January of 1994, Sunset submitted to Redlands a proposed draft EIR which had been prepared by consultants retained by Sunset. Sunset paid over $15,000 to Redlands to hire another set of consultants to evaluate the draft EIR. In March of 1994, those consultants issued a report critical of the proposed draft EIR.

In response to those criticisms, Sunset's consultants extensively revised the proposed draft EIR and submitted that second proposal to Redlands in March of 1995. Redlands's consultants again issued a written review criticizing that proposal. Sunset again revised the proposed draft EIR and submitted its third proposal to Redlands in August of 1995.

Since the submission of the third proposed draft EIR, Sunset has repeatedly demanded of Redlands that it either approve that proposed draft or

advise Sunset of the manner in which Redlands determined the draft to be inadequate. Redlands has done neither. In addition, Sunset has complied with all requests of Redlands for further information and for funds with which to complete, review, and certify an EIR. Nevertheless, Redlands has refused to take any action toward doing so.

Redlands has a ministerial duty to complete and certify a final EIR, and Sunset has no administrative remedy available to it to compel the performance of that duty. Sunset prayed for a writ of mandate ordering the defendants to perform.

### 2. *The Petition Alleges That Redlands Violated Its Statutory Duty to Complete and Certify an EIR Within One Year.*

An EIR must be prepared whenever a proposed project may have a significant effect on the environment. (Pub. Resources Code, § 21082.2, subd. (d).) ▮ When an EIR is required, the lead agency is responsible for preparing it. (*Id.*, §§ 21082.1, subd. (a), & 21100, subd. (a).) Rather than prepare it using its own staff, an agency may contract with outside consultants or even the applicant's consultants (Cal. Code Regs., tit. 14, § 15084, subd. (d)(3)[1]) so long as the agency applies its "independent review and judgment to the work product before adopting and utilizing it" (*Friends of La Vina* v. *County of Los Angeles* (1991) 232 Cal.App.3d 1446, 1454 [284 Cal.Rptr. 171]; accord, Guidelines, § 15084, subd. (e)). The steps in the process include the preparation of a draft EIR; the circulation of that draft for comment; the preparation of a final EIR which responds to those comments; and the certification that the final EIR has been completed in compliance with CEQA. (*Laurel Heights Improvement Assn.* v. *Regents of the University of California* (1993) 6 Cal.4th 1112, 1123-1124 [26 Cal.Rptr.2d 231, 864 P.2d 502].)

Local agencies are required to establish time limits by which EIR's for projects involving the issuance of a permit by that agency must be completed and certified. (Pub. Resources Code, § 21151.5, subd. (a)(1)(A).) Those time limits must not exceed one year (*ibid.*) and must "be measured from the date on which an application requesting approval of the project is received and accepted as complete by the local agency" (*id.*, subd. (a)(2); accord, Guidelines, § 15108). Accordingly, Redlands has adopted a time limit requiring that the final EIR shall be completed and certified by its council "no later than one (1) year" from the date on which the application was accepted as complete. (Redlands Local CEQA Guidelines, § 4.04.)

---

[1]Pursuant to Public Resources Code section 21083, regulations (commonly called and referred hereafter as the Guidelines) regarding the application of the California Environmental Quality Act (CEQA) have been promulgated at California Code of Regulations, title 14, section 15000 et seq.

The petition filed in October of 1996 alleges that Sunset's permit applications were accepted as complete by Redlands in November of 1992, but that Redlands had failed and refused either to complete the draft EIR or to complete and certify a final EIR. From the facts alleged, therefore, Redlands has violated its duties to complete that process within one year of its acceptance of the applications.

The issue on which the parties focus is whether Sunset has any remedy for that breach by Redlands.

### 3. *Mandamus Is an Appropriate Remedy for Such a Violation.*

A writ of mandate may be issued by a court to compel the performance of a duty imposed by law. (Code Civ. Proc., § 1085, subd. (a).) For instance, if a court finds that any determination, finding, or decision of a public agency has been made without compliance with CEQA, the court shall issue a writ of mandate ordering the agency either to void the decision or to take the action necessary to bring the decision into compliance. (Pub. Resources Code, § 21168.9, subd. (a).) ▮▮ Because Redlands's refusal to complete the EIR is contrary to the maximum time limits prescribed by CEQA, the trial court was not only authorized, but required, to issue a writ of mandate ordering Redlands to take corrective action.

Redlands contends that mandate is not available in this instance, asserting three basic arguments. None of them are persuasive.

#### a. *Mandate Is Appropriate to Compel Redlands to Exercise Its Discretionary Powers.*

As alluded to previously, "[b]efore using a draft prepared by another person, the lead agency shall subject the draft to the agency's own review and analysis. The draft EIR which is sent out for public review must reflect the independent judgment of the lead agency." (Guidelines, § 15084, subd. (e); accord, Pub. Resources Code, § 21082.1, subd. (c).) The issues which must be addressed in any EIR are prescribed by statute. (Pub. Resources Code, § 21100, subd. (b).) Within those broad parameters, however, "the quality and the content of the EIR lies in the sole discretion" of the agency. (*Mission Oaks Ranch, Ltd.* v. *County of Santa Barbara* (1998) 65 Cal.App.4th 713, 723 [77 Cal.Rptr.2d 1].)

From those premises, Redlands concludes that the duty to prepare an EIR is discretionary, not ministerial, and therefore may not be enforced by mandamus. It is mistaken.

■ A refusal to exercise discretion is itself an abuse of discretion. (*Richards, Watson & Gershon* v. *King* (1995) 39 Cal.App.4th 1176, 1180 [46 Cal.Rptr.2d 169].) Accordingly, although mandamus is not "available to compel the exercise by a court or officer of the discretion possessed by them in a particular manner, or to reach a particular result, it does lie to command the exercise of discretion—to compel some action upon the subject involved." (*Hollman* v. *Warren* (1948) 32 Cal.2d 351, 355 [196 P.2d 562]; accord, *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107, 118 [130 Cal.Rptr. 257, 550 P.2d 161]; *Sego* v. *Santa Monica Rent Control Bd.* (1997) 57 Cal.App.4th 250, 255 [67 Cal.Rptr.2d 68]; *Los Angeles County Employees Assn., Local 660* v. *County of Los Angeles* (1973) 33 Cal.App.3d 1, 8 [108 Cal.Rptr. 625]; 8 Witkin, Cal. Procedure (4th ed. 1997) Extraordinary Writs, § 93, pp. 883-885.)

■ Here, Sunset is not asking Redlands to approve the draft EIR in its current form, but only to complete a draft EIR in some form. Nor is Sunset seeking to control Redlands's decision, after the EIR is completed and certified, as to whether the project should be approved. Sunset's focus is on the timing of the completion, not on the contents of the completed document or the nature of the ultimate decision that document is intended to inform. By both state law and its own guidelines, Redlands has no discretion to refuse to complete an EIR when a project requires one. Therefore, mandamus lies to compel Redlands to complete the process of preparing and certifying the EIR for this project.[2]

Redlands contends that it has exercised its discretion by refusing to approve the draft EIR. But simply rejecting a draft EIR proposed by an applicant does not satisfy a lead agency's duty under CEQA. When a project requires an EIR, it is ultimately the responsibility of the lead agency to prepare it. As noted above, the agency has a variety of means of doing so, only one of which is to have the applicant's consultant prepare the initial draft.[3] If the applicant's proposed draft is inadequate and the applicant proves incapable of revising the draft to satisfy the agency, then the agency

---

[2] For the same reasons, we reject Redlands's substantially identical contention that the issuance of a writ of mandate compelling Redlands to complete the EIR would be an improper attempt to substitute judicial discretion for that of the city council in violation of the constitutional doctrine of the separation of powers.

[3] "(d) The lead agency may choose one of the following arrangements or a combination of them for preparing a draft EIR.

"(1) Preparing the draft EIR directly with its own staff.

"(2) Contracting with another entity, public or private, to prepare the draft EIR.

"(3) Accepting a draft prepared by the applicant, a consultant retained by the applicant, or any other person.

"(4) Executing a third party contract or Memorandum of Understanding with the applicant to govern the preparation of a draft EIR by an independent contractor.

must resort to some other means of completing the draft in a satisfactory manner. At that point, the agency cannot simply reject the draft and do nothing to remedy the deficiencies.

In short, a lead agency cannot avoid its responsibility for seeing that an EIR is completed merely by delegating that responsibility to the applicant. If the applicant cannot fulfill that responsibility, then the agency must reassume control of the preparation process and select one of the other means available to it to complete a satisfactory draft EIR.

> b. *That the Time Limit in Public Resources Code Section 21151.5 May Be Directory Does Not Render It Unenforceable.*

Redlands contends that mandate is not available to enforce the one-year deadline of Public Resources Code section 21151.5 because that time limit is directory rather than mandatory. It is again mistaken.

▪ Statutory time limits are usually deemed to be directory (*California Correctional Peace Officers Assn.* v. *State Personnel Bd.* (1995) 10 Cal.4th 1133, 1145 [43 Cal.Rptr.2d 693, 899 P.2d 79]), but even directory time limits may be enforced by a writ of mandate compelling the agency to act (*id.* at p. 1148; *Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 909, fn. 4 [136 Cal.Rptr. 251, 559 P.2d 606]). That is because generally "a ' "directory" or "mandatory" designation does not refer to whether a particular statutory requirement is "permissive" or "obligatory," but instead simply denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates.' [Citation.] If the action is invalidated, the requirement will be termed 'mandatory.' If not, it is 'directory' only." (*California Correctional Peace Officers Assn., supra,* at p. 1145, quoting from *Morris, supra,* at p. 908.)

▪ Redlands has offered no authority suggesting that Public Resources Code section 21151.5 is an exception to that general rule. Accordingly, even assuming that the time limit is directory rather than mandatory, an agency which has missed that deadline may be compelled to act by a writ of mandate.

Redlands's reliance upon *Land Waste Management* v. *Contra Costa County Bd. of Supervisors* (1990) 222 Cal.App.3d 950 [271 Cal.Rptr. 909] to

---

"(5) Using a previously prepared EIR." (Guidelines, § 15084, subd. (d).)

Given those alternatives, Redlands's assertion that its only two choices were to either reject or certify the particular draft submitted by Sunset is unfounded.

support its argument to the contrary is misplaced. That opinion does not address the issue of whether Public Resources Code section 21151.5 may be enforced by mandamus. Instead, it considers and rejects the contention that if that deadline is not met, the EIR must be deemed certified. (*Land Waste Management, supra*, at pp. 961-962.) Because Sunset makes no such contention, that case is inapposite.

    c.  *The Petition Does Not Establish That Sunset Unreasonably Delayed the Preparation of the Draft EIR.*

Redlands also contends that the time limit of Public Resources Code section 21151.5 is unenforceable because the running of the one-year period is suspended during any period of unreasonable delay by the applicant in meeting requests by the lead agency necessary for the preparation of an EIR. (Guidelines, § 15109.) But Redlands forgets that our review is limited to the facts pleaded in the petition. While at trial Redlands may be able to establish that the speed with which Sunset responded to its requests was unreasonably slow, that fact does not appear from the face of the pleading.

Besides, even assuming that Sunset was unreasonably dilatory to some extent when preparing the first proposed draft EIR or when revising the first and second proposed draft EIR's, with the result that the time period was tolled during those periods of delay, the facts alleged in the petition still indicate that Redlands exceeded the one-year limit. The petition alleges that Redlands did not complete its initial study until nearly seven months after the applications were deemed complete, and that over nine months passed between the submission of the third proposed draft EIR and the filing of the petition. Those two time periods alone exceed the one year permitted for the entire process to be completed. Therefore, the pleading does not establish the existence of unreasonable delay of the extent necessary to disprove the allegation that Redlands exceeded the one-year limit.[4]

C.  *The Complaint for Damages Is Sufficient.*

The second amended complaint repeats the factual allegations in the first amended petition, and adds the allegations that Redlands was contending

---

[4]Unlike the first amended petition, the second amended complaint adds allegations that, sometime after Redlands deemed Sunset's applications to be complete, Redlands asserted that the applications were no longer complete because the city's updated general plan applies to the project, and that the project must be evaluated in light of the changes to the general plan. Even were we to consider those allegations when evaluating the sufficiency of the petition, and assuming those alleged assertions by Redlands were correct (see Gov. Code, § 66474.2), they would not change our conclusion, because the complaint does not allege when those assertions were made in relationship to Sunset's various proposed draft EIR's.

that the project must be evaluated in light of its revised general plan. It then alleges that by refusing to act to complete the EIR and by demanding that the revised general plan be considered, the defendants have deprived Sunset of its federal constitutional rights to due process and equal protection. As a remedy, Sunset seeks monetary damages pursuant to 42 United States Code section 1983.

Sunset contends that these allegations are sufficient to state a cause of action for the denial of civil rights, and that the trial court therefore erred in sustaining Redlands's demurrer. In response, Redlands asserts three justifications for the order sustaining the demurrer. None of them are persuasive.

First, it contends that it cannot have any liability for damages for failing to approve the draft EIR because it had no duty to approve that draft. But as explained above, although an agency does not have a duty to approve any particular proposed draft EIR, it is obligated to complete a satisfactory EIR when a project requires it. It is the failure to perform the latter duty which forms the basis for Sunset's damage claim.

Second, Redlands contends that its failure to approve the project applications is not ripe for review because the project cannot be considered for approval until an adequate EIR has been prepared. Again, however, that argument is premised upon a mischaracterization of Sunset's contentions and allegations. Sunset is challenging, not the failure to approve its applications, but Redlands's failure to complete an EIR.

Finally, Redlands argues that its failure to complete an adequate EIR was not malicious, irrational, or arbitrary—and thus did not deny Sunset due process—because Redlands had no mandatory duty to approve the draft EIR proposed by Sunset. That contention fails. As explained above, regardless of whether a duty is deemed to be mandatory or directory, the agency is required to perform it. When a procedural requirement is directory, and thus "invalidation is not appropriate, other remedies—such as injunctive relief, mandamus or monetary damages—may be available to enforce compliance with the statutory provision." (*Morris* v. *County of Marin, supra,* 18 Cal.3d at p. 909, fn. 4.) Redlands presents no authority for the proposition that an agency may maliciously or arbitrarily refuse to perform a directory duty with impunity. In particular, it offers no authority to support its contention that it may refuse to complete an EIR for a project which requires one without incurring liability for the damages that refusal causes.

D. *The Issues Redlands Raised for the First Time at Oral Argument Are Waived.*

At oral argument, Redlands for the first time asserted that Sunset failed to state viable causes of action because Sunset had waived Redlands's compliance with the one-year time limit specified in Redlands's CEQA guidelines and because any cause of action based on Redlands's failures to comply with those deadlines were barred by the one-hundred-eighty-day statute of limitations. We do not consider those arguments because Redlands did not raise either waiver or the statute of limitations in its brief. **(6)** Absent a sufficient showing of justification for the failure to raise an issue in a timely fashion, we need not consider any issue which, although raised at oral argument, was not adequately raised in the briefs. (*Japan Line, Ltd.* v. *County of Los Angeles* (1977) 20 Cal.3d 180, 184 [141 Cal.Rptr. 905, 571 P.2d 254]; *Barthelemy* v. *Chino Basin Mun. Water Dist.* (1995) 38 Cal.App.4th 1609, 1613, fn. 2 [45 Cal.Rptr.2d 688].)

## DISPOSITION

The judgment is reversed. The trial court is directed to vacate its orders sustaining the demurrers to the first and second amended pleadings, and to enter new orders overruling those demurrers. Sunset shall recover its costs on appeal.

Ramirez P. J., and Hollenhorst, J., concurred.

Respondents' petition for review by the Supreme Court was denied October 6, 1999.